Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/13/2024
CT Log Number 547981893

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Texas**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARTINEZ ROLAND // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Certificate |
| **COURT/AGENCY:** | 155th Judicial District Court of Austin County, TX<br>Case # 2024V0178 |
| **NATURE OF ACTION:** | Personal Injury - 01/14/2023 - 310 Overcreek Way, Sealy, Texas 77474 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/13/2024 at 15:04 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S)/SENDER(S):** | Brent M. Cordell<br>Smith & Hassler<br>1225 North Loop West, Suite 525<br>Houston, TX 77008<br>713-739-1250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/14/2024, Expected Purge Date: 12/19/2024<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT A

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Dec 13, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | WALMART INC. |
| Case Number | 2024V0178 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |

# THE STATE OF TEXAS
CITATION

**TO: WALMART INC.**
**BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN ST, STE 900**
**DALLAS TX 75201**

CAME TO HAND: 12/12/24
DELIVERED: 12/13/24
BY: ERNEST H. DAHL TEXAS JUDICIAL BRANCH CERTIFICATION PSC 16818

NOTICE:

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT *texaslawhelp.org.*

PLAINTIFF'S ORIGINAL PETITION WAS FILED IN THE 155TH JUDICIAL DISTRICT COURT OF AUSTIN COUNTY, TEXAS ON DECEMBER 06, 2024, AS NUMBERED AND STYLED BELOW:

**NO. 2024V-0178**

| | |
|---|---|
| **ROLAND MARTINEZ** | **IN THE DISTRICT COURT** |
| **VS.** | **AUSTIN COUNTY, TEXAS** |
| **WALMART INC.** | **155TH JUDICIAL DISTRICT** |

THE NAME AND ADDRESS OF ATTORNEY REPRESENTING THE PLAINTIFF IS:

**BRENT M. CORDELL**
**ATTORNEY AT LAW**
**1225 NORTH LOOP WEST STE 525**
**HOUSTON TX 77008**
**713-739-1250**

THE NATURE OF PLAINTIFF'S DEMAND IS FULLY SHOWN BY A TRUE AND CORRECT COPY OF PLAINTIFF'S ORIGINAL PETITION ACCOMPANYING THIS CITATION AND MADE A PART HEREOF.

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENT OF LAW, AND THE MANDATES THEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT BELLVILLE, TEXAS ON DECEMBER 06, 2024.

ATTEST: ______________________
SUE MURPHY, DISTRICT CLERK
(SEAL)
BY: ______________________
DEPUTY

265 N CHESLEY ST, STE 1
BELLVILLE TX 77418

Submitted: 12/6/2024 2:00 PM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

**CAUSE NO.** 2024V-0178

| | | |
|---|---|---|
| **ROLAND MARTINEZ** *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| | § | |
| vs. | § § | 155TH **JUDICIAL DISTRICT** |
| | § | |
| **WALMART INC.** *Defendant.* | § § | **AUSTIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Roland Marinez, ("PLAINTIFF") herein, and files this Plaintiff's Original Petition complaining of Walmart Inc., ("DEFENDANT"), and for cause of action would show this Honorable Court as follows:

### I. DISCOVERY LEVEL

Plaintiff requests that discovery in this case be governed at the level 3 category pursuant to Texas Rule of Civil Procedure 190.4 (Discovery Control Plan-Level 3).

### II. PARTIES

Plaintiff is an individual who resided in Texas at the time the cause of action accrued.

Defendant, Walmart Inc., ("WALMART"), is a corporation organized under the laws of the State of Delaware, authorized to conduct business in Texas, may be served with process through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or at any other location where it may be found. ***Service of process on Walmart Inc. is hereby requested at this time.***

### III. VENUE, JURISDICTION & ANTI-REMOVAL

Pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code, venue is proper in Austin County, Texas, because a substantial part of the events or omissions giving

rise to the claim occurred in Austin County. The amount in controversy is within the jurisdictional limits of this Court.

## IV. CONDITIONS PRECEDENT

Plaintiff alleges that all conditions precedent to Defendant's liability have either occurred or have been satisfied.

## V. FACTUAL BACKGROUND

Plaintiff brings this suit to recover for personal injuries sustained as a result of a slip-and-fall incident on Defendant's premises. On or about January 14, 2023, Plaintiff was exiting Defendant's store, located at 310 Overcreek Way, Sealy, Texas 77474, when the incident occurred. While pushing a shopping cart near the ice machine at the store's entrance, Plaintiff suddenly and without warning slipped on a puddle of water negligently left on the floor. In an effort to prevent a complete fall, Plaintiff landed on Plaintiff's left knee and struck Plaintiff's head on the shopping cart. Immediately after the incident, Plaintiff experienced pain in his head and knee, indicative of injury. Shortly after, a store employee approached, offered a chair, and assisted Plaintiff. Another employee began cleaning the puddle while the store's manager was notified and arrived at the scene. The manager initiated an incident report and contacted emergency medical services. Defendant's failure to maintain the premises in a reasonably safe condition, including allowing a hazardous puddle to remain on the floor without warning or remediation, proximately caused Plaintiff's injuries and resulting damages.

## VI. DEFENDANT'S PREMISES LIABILITY

Defendant knew or should have known of the unreasonably dangerous condition posed by the substance on the floor and neither corrected nor warned Plaintiff of it. Plaintiff had no knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff of the dangerous condition, which constituted negligence through premise liability, and such negligence caused the occurrence in question and Plaintiff's resulting injuries.

Defendant as occupier and owner of the premises, with control over the premises, owed Plaintiff a duty to warn and make safe the dangerous condition of the concealed slippery substance existing on Defendant's premises.

Defendant is liable to Plaintiff under the doctrines of premises liability. This liability arises from Defendant's negligent acts and/or omissions, including, but not limited to, the following:

- Defendant's failure to warn Plaintiff of the dangerous condition of the concealed slippery substance on Defendant's premises;
- Defendant's failure to inspect the premises to identify and address the dangerous condition in a timely manner;
- Defendant's failure to take reasonable measures to correct or eliminate the hazardous condition, thereby safeguarding invitees such as Plaintiff;
- Defendant's failure to implement and enforce proper training protocols for employees to prevent hazardous conditions from occurring or persisting;
- Defendant's failure to maintain the premises in a reasonably safe condition, as would be expected of an ordinary prudent person under similar circumstances;
- Defendant's failure to establish and follow reasonable cleaning, inspection, and maintenance procedures to prevent the accumulation of hazardous substances;
- Defendant's failure to adhere to industry standards or internal policies for safety and maintenance, thereby increasing the risk of harm;
- Defendant's failure to conduct routine safety inspections of high-risk areas, such as those prone to spills or leaks; and
- Defendant's failure to appropriately supervise employees to ensure compliance with safety and maintenance standards.

Each of Defendant's foregoing negligent acts and/or omissions, whether taken singularly or in any combination, caused Plaintiff's injuries and damages that are described below.

## VII. PLAINTIFF'S INJURIES & DAMAGES

As a direct and proximate result of Defendant's above-described negligent acts and/or omissions, Plaintiff will show she suffered actual damages within the jurisdictional limits of this court. Specifically, Plaintiff's damages are as follows:

(a) Physical pain and mental anguish in the past and future;

(b) Reasonable and necessary cost of medical care and treatment in the past and future;

(c) Physical impairment and disfigurement in the past and future;

(d) Lost wages in the past and lost future earning capacity;

(e) Pre-judgment and post-judgment interest;

(f) All other special items of damage necessarily incurred as a result of Defendant's negligence and premises liability; and

(g) Plaintiff seeks monetary greater than $1,000,000.00.

## VIII. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding, and/or at trial of this matter, without the necessity of authenticating the documents.

## IX. JURY DEMAND

Plaintiff hereby demands a trial by jury and would show that the appropriate fee is paid or will be paid pursuant to the Texas Rules of Civil Procedure.

## X. MISNOMER/MISIDENTIFICATION

In the event any party or parties are misnamed, or are not included herein, it is Plaintiff's contention that such was a "misidentification" or a "misnomer" of parties named herein.

## XI. PRAYER

Wherefore, premises considered, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for compensatory damages, pre-judgment and post-judgment interest at the maximum rate allowed by law, costs of court and any and all such other and further relief, at law and/or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**Smith & Hassler**

/s/ Brent M. Cordell

**Brent M. Cordell**
Texas Bar No. 24005953
**Vanessa C. Botello**
Texas Bar No. 24135769
1225 North Loop West, Suite 525
Houston, Texas 77008
For E-service Only:
cordell@smithandhassler.com
Tel. (713) 739-1250
Fax. (713) 864-7226
**ATTORNEYS FOR PLAINTIFF ROLAND MARTINEZ**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brent Cordell on behalf of Brent Cordell
Bar No. 24005953
cordell@smithandhassler.com
Envelope ID: 95038223
Filing Code Description: Petition (Original)
Filing Description: Plaintiff's Original Petition
Status as of 12/6/2024 2:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brent Cordell | | Cordell@smithandhassler.com | 12/6/2024 2:00:19 PM | NOT SENT |